# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ILLIA KORNEA**<br>          **Plaintiff,**<br><br>v.<br><br>**J.S.D. MANAGEMENT, INC.** *et al.*<br>          **Defendants.** | :<br>:<br>:<br>:     **CIVIL ACTION NO. 18-2708**<br>:<br>:<br>: |

## MEMORANDUM

**Rufe, J.**                                                                                                                        **October 4, 2018**

      Plaintiff, proceeding *pro se*, filed suit in the Court of Common Pleas of Bucks County, Pennsylvania, against JSD Management, Inc., Kelly Hendrick, and Darcy Clark, asserting causes of action under the Fair Debt Collection Practices Act and the Pennsylvania Fair Debt Collections Practices Act. JSD removed this case to this Court and filed a Motion to Dismiss and/or for Summary Judgment. Defendants Hendrick and Clark filed a Motion to Dismiss for Insufficient Service of Process. Plaintiff then filed an amended complaint asserting eleven new causes of action. JSD now moves to strike the amended complaint for failing to comply with Fed. R. Civ. P. 15(a)(2). Hendrick and Clark move to dismiss the original complaint for insufficient service of process and the amended complaint for insufficient process and insufficient service of process.

    **I.**        **DEFENDANT JSD'S MOTION TO STRIKE THE AMENDED COMPLAINT**

      JSD argues that Plaintiff did not comply with Federal Rule of Civil Procedure 15 in filing the amended complaint. Federal Rule of Civil Procedure 15 provides in relevant part that "[a] party may amend its pleading once as a matter of course within … 21 days after service of a

motion under Rule 12(b), (e), or (f)."[1] JSD served Plaintiff with a Motion to Dismiss on July 3, 2018.[2] Plaintiff's amended complaint was filed on July 30, 2018, six days after the deadline. Accordingly, Plaintiff did not properly amend the complaint as to Defendant JSD "as a matter of course" and could only amend the complaint as to JSD "with the opposing party's written consent or the court's leave."[3]

Leave to amend pleadings is at the discretion of the court and shall be freely given "when justice so requires."[4] As Plaintiff is a *pro se* litigant, in the interest of justice, the Court will allow the amended complaint. There being no suggestion that Plaintiff filed the amended complaint in bad faith or with dilatory motives, but to assert new legal theories that are based on the same factual basis as the original complaint, and as the amended complaint was filed only six days after Plaintiff's deadline to amend the complaint as a matter of course, this does not prejudice Defendant.[5] Therefore, the Motion to Strike will be denied.

## II. DEFENDANT HENDRICK AND CLARK'S MOTION TO DISMISS FOR INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS

### A. Adequacy of Process

Defendants Hendrick and Clark argue for dismissal based on insufficient process because no summonses were issued for, or designated the names of, Hendrick or Clark. While Defendants are correct that the summonses were defective in the particular manners identified,

---

[1] Fed. R. Civ. P. 15(a)(1).

[2] Mot. Dismiss or Summ. J. [Doc. No. 4] at 2.

[3] Fed. R. Civ. P. 15(a)(2).

[4] Fed. R. Civ. P. 15(a)(2).

[5] To show prejudice a party must "do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the … amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citations and internal quotation marks omitted).

"federal courts have generally held that these types of defects are insufficient to render service invalid when a defendant has received actual notice and has suffered no prejudice as a result of the defects."[6] Here, although the docket shows that no summons was issued for either Clark or Hendrick, they were not prejudiced by this technical error. Both defendants were listed in the case caption of the summonses and their responses to the original complaint and the amended complaint show that they had notice of the suit brought against them.

### B. Adequacy of Service of Process

The parties disagree as to whether Plaintiff properly served Hendrick and Clark when he personally mailed process to them at JSD on three occasions.[7] The federal rules authorize service of an out-of-state defendant (JSD, where Hendrick and Clark work, is located in Delaware) pursuant to the rules of the state where the federal court is located.[8] The Pennsylvania Rules of Civil Procedure allow an out-of-state defendant to be served by mailing process to the defendant "by any form of mail requiring a receipt signed by the defendant or his authorized agent."[9] The burden is on the plaintiff to show that the defendant or the defendant's authorized agent signed

---

[6] *Thompson v. Kramer*, No. 93–2290, 1994 WL 725953, at *5 (E.D. Pa. Dec. 29, 1994) (finding that plaintiff validly served defendants with an amended complaint despite the fact that no summons had been issued that named them as defendants and their names were added into the original summons by handwritten changes); *see also Wells v. Rockefeller,* 728 F.2d 209, 213 (3d Cir.1984) (summons that was defective in stating that response to complaint was due in three days did not deprive court of jurisdiction over defendant when defendant was not prejudiced by the error); *Newman v. Prior*, 518 F.2d 97, 99 (4th Cir. 1975) (Although summons did not literally comply with this rule, where the summons indicated the parties by the reference "see complaint," where a copy of the complaint, with the names of all parties was attached to the summons, and where defendant was not prejudiced by the defect, the error was harmless) (overruled on other grounds by *Newcome v. Esrey*, 862 F.2d 1099 (4th Cir. 1988)).

[7] Plaintiff mailed the original complaint to Defendants in July of 2018, and mailed the amended complaint to Defendants on July 31, 2018, and September 10, 2018. *See* Return of Service [Doc. No. 8] at 7; Certified Mail Receipts [Doc. No. 21] at 4.

[8] Fed. R. Civ. P. 4(e)(1).

[9] Pa. R. Civ. P. 403; Pa. R. Civ. P. 404(2) (allowing service of an out of state defendant "by mail in the manner provided by Rule 403").

3

the return receipt.[10] The fact that an individual is the defendant's secretary or has the authority to accept mail on behalf of the defendant does not establish that such individual is an agent of the defendant authorized to accept service of process.[11] Here, Plaintiff has not shown that Defendants Hendrick and Clark or an authorized agent signed the return receipt associated with any of the three attempts at service.

Plaintiff has not provided any information to this Court regarding his attempt to serve the Defendants with the original complaint, and Defendants have represented that it was received and signed for by an individual named Janet Talbot.[12] The return receipt for Plaintiff's July 31, 2018 Return of Service for the amended complaint was signed by an individual named Rebecca Evans.[13] Plaintiff has not provided any information regarding Evans or Talbot, nor has he established their relationship to Defendants. The box next to the word "agent" beside Evans's signature on the receipt is not checked.[14] Moreover, in affidavits submitted by Defendants, Talbot and Evans explain that they are not authorized to accept service of court papers on behalf of Hendrick or Clark.[15] Evans and Talbot state that they believed the envelopes in which the summonses were mailed were directed to JSD, and that they would not have signed for the mail

---

[10] *Grand Entm't Grp. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993) ("the party asserting the validity of service bears the burden of proof on that issue"); *see also Hutton v. KDM Transport, Inc.*, No. 14–3264, 2014 WL 3353237, at *3 (E.D. Pa. July 9, 2014) ("Where the plaintiff relies on receipt by someone other than the defendant, he must produce evidence that the signatory had authority to sign on the defendant's behalf.").

[11] *Aetna Inc. v. Insys Therapeutics, Inc.*, 284 F. Supp. 3d 582, 586 (E.D. Pa. 2018) (finding that the authorization to accept mail does not establish the authority to accept service); *Furin v. Reese Teleservices, Inc.,* No. 2:07cv1542 2008 WL 5068955, at *1 (W.D. Pa. Nov. 24, 2008) (finding that the Third Circuit "has expressly recognized that ... offering proof that a mail clerk or receptionist signed for the package 'offer[s] no proof that the signatures belong to the defendant's authorized agents.'") (quoting *Lampe v. Xouth, Inc*, 952 F.2d 697, 701 (3d Cir. 1991)).

[12] Br. Supp. Def. Mot. Dismiss [Doc. No. 5-1] at 2.

[13] Return of Service [Doc. No. 8] at 7.

[14] *Id.*

[15] Evans Aff. [Doc. No. 11-4] at ¶ 7; Talbot Aff. [Doc. No. 5-5] at ¶ 7.

had they known it was directed to Hendrick and Clark.[16] There is no reasonable basis to infer that either Evans or Talbot were agents for service of process purposes.

The Court notes that Plaintiff did not provide a signed return receipt for the summons mailed on September 10, 2018 and therefore did not meet the requirement that process be mailed to the defendant by mail requiring a signed return receipt.[17]

Additionally, the Plaintiff failed to comply with the rules governing service of process by effectuating service personally. Both the federal and state rules require service of original process to be accomplished by an adult who is not a party to the action.[18] There is no exception for this rule for service effectuated via mail or when the Plaintiff is *pro se*.[19] In all three attempts to serve Defendants Hendrick and Clark with the Amended Complaint, Plaintiff appeared to have personally mailed the summons and complaint to the Defendants' workplace.[20]

Finally, Plaintiff's contention that service of process was proper due to Defendants' awareness of the complaint is without merit. "Notice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does

---

[16] Evans Aff. [Doc. No. 11-4] at ¶¶ 5, 8; Talbot Aff. [Doc. No. 5-5] at ¶¶ 5, 8.

[17] *See* Certified Mail Receipts [Doc. No. 21] at 4; Pa. R. Civ. P. 403.

[18] Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint") (emphasis added); Pa. R. Civ. P. 400(b) (authorizing service of original process by a "competent adult"); Pa. R. Civ. P. 76 (defining "competent adult" as "an individual eighteen years of age or older who is *neither a party to the action* nor an employee or a relative of a party") (emphasis added).

[19] *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ("[e]ven when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail"); *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) (finding that Rule 4 does not allow a *pro se* plaintiff to effectuate service by certified mail himself).

[20] Plaintiff indicated on each Proof of Service form related to the amended complaint that he personally served the summons on Defendants Hendrick and Clark. *See* Proof of Service [Doc. No. 8] at 2, 4; Proof of Service [Doc. No. 21] at 2, 3.

not waive the technicalities of the rule governing service."[21] Accordingly, Defendants Hendrick and Clark have not been properly served.

### C. Request for Alternative Service

Plaintiff's request for alternative service is denied without prejudice. Alternative service of process is only necessary where service "cannot be made under the applicable rule"[22] and where "circumstances are such that the district court's intervention is necessary."[23] A plaintiff requesting alternative service must explain by affidavit the "reasons why service cannot be made."[24] Here, Plaintiff has not shown that service is not possible under the Pennsylvania rules for service of process. Plaintiff's previous attempts at service show he is aware of the Defendants' place of employment, and there is no suggestion that Defendants are evading service of process. Therefore, alternative service is not warranted at this time.

### D. Extension of Time to Serve Process on Defendants Hendrick and Clark

Rule 4 requires that service of process be completed within 90 days after a case is removed to federal court.[25] Filing an amended complaint does not restart the clock for serving defendants.[26] Here, the case was removed on June 26, 2018, and thus the time for Plaintiff to effectuate service under Rule 4 has expired. However, where a Plaintiff fails to complete service within the allotted time period, the court has discretion to allow for late service under Rule 4

---

[21] *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993).

[22] Pa. R. Civ. P. 430(a); *see also Grove v. Guilfoyle*, 222 F.R.D. 255, 257 (E.D. Pa. 2004) ("Alternative service is only appropriate when service **cannot** be made under the applicable Rule, and only as a last resort") (internal quotation marks omitted).

[23] *Knit With v. Knitting Fever, Inc.*, No. 008-cv-4221, 2010 WL 4977944, at *3 (E.D. Pa. Dec. 7, 2010) (citations omitted).

[24] Pa. R. Civ. P. 430(a).

[25] Fed. R. Civ. P. 4(m).

[26] *UWM Student Ass'n v. Lovell,* 888 F.3d 854, 859 (7th Cir. 2018).

with or without a showing of good cause.[27] Although Plaintiff did not adhere to the rules governing service of process, Plaintiff attempted to effectuate service three times on Defendants Hendrick and Clark. Plaintiff also attempted to cure some of the defects in process by having a new summons issued for Hendrick and Clark. Therefore, given Plaintiff's good faith efforts to effectuate service, this Court will extend the time for service of the amended complaint by 30 days.

### III. CONCLUSION

For the reasons stated above, Defendant JSD's motion to strike the amended complaint is denied. Defendant Hendrick and Clark's Motions to Dismiss will be granted in part and Plaintiff is allowed 30 days to properly effectuate service of process pursuant to Fed. R. Civ. P. 4. This Memorandum does not address the merits of the claims in this case. The Court will address Defendant DexYP's Motion to Dismiss, and the response thereto, in a separate order. An appropriate order follows.

---

[27] *Felicetty-Stamm v. Sec'y Dept. of Homeland Sec.*, 558 F. App'x 189, 191 (3d Cir. 2014) (a district court is "empowered to extend the time [to effectuate service] even without a showing of good cause").