IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ILLIA KORNEA : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 18-2708 |
| : | |
| J.S.D MANAGEMENT, INC. *et al.* : | |
|     Defendants. : | |

## ORDER

On February 6, 2019, this Court dismissed the claims against all but one Defendant.[1] On March 5, 2019, the Court dismissed the claims against the only remaining Defendant and directed the Clerk to close the case.[2] On March 22, 2019, Plaintiff filed a "Motion to Vacate Void Judgment," which the Court denied in an Order mailed to Plaintiff on April 26, 2019.[3] In that Order, the Court noted that Plaintiff provided no valid grounds for relief under Rule 60(b)(4), and to the extent Plaintiff sought reconsideration of the Court's February 6, 2019 Order under Federal Rule of Civil Procedure 59(e), the motion was untimely. Plaintiff has now filed a "Notice of Appeal and/or in the Alternative to Amend the Complaint," in which Plaintiff repeats arguments made in the previous "Motion to Vacate Void Judgment."

To the extent Plaintiff seeks reconsideration of the Court's April 26, 2019 Order, the motion, which appears to have been mailed to the Court 35 days later, on May 31, 2019, and was filed on June 3, 2019, is untimely and is procedurally improper.[4] Moreover, as filing a notice of

---

[1] [Doc. No. 45].
[2] [Doc. No. 46].
[3] [Doc. No. 54].
[4] Fed. R. Civ P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

appeal "immediately transfers jurisdiction of a case from the District Court to the Court of Appeals,"[5] this Court lacks jurisdiction to consider a motion to amend at this time.

**AND NOW**, this 13th day of June 2019, upon consideration of Plaintiff's "Notice of Appeal and/or in the Alternative to Amend the Complaint" [Doc. No. 56], it is hereby **ORDERED** that to the extent it is construed as a Motion, it is **DISMISSED**, and the filing shall be treated solely as a Notice of Appeal.

It is so **ORDERED**.

BY THE COURT:

*/s/ Cynthia M. Rufe, J.*

CYNTHIA M. RUFE, J.

---

[5] *United States v Lafko*, 520 F 2d 622, 627 (3d Cir. 1975). Although the District Court retains "the limited authority to take any steps that will assist the Court of Appeals in its determination," the Court does not find that reaching the merits of Plaintiff's motion would provide any such assistance. *Id.*